BRIAN L. JOHNSRUD (SBN 184474)
EMILIE SMITH PETIRS (SBN 238845)
KOUROSH JAHANSOUZ (SBN 292559)
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: +1 650 847 4150
Fax: +1 650 847 4151
E-mail: bjohnsrud@duanemorris.com
  epetirs@duanemorris.com
  kjahansouz@duanemorris.com

Attorneys for Defendants
SAP America, Inc., Ariba Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MONTOYA JR., an individual,<br><br>              Plaintiff,<br><br>    v.<br><br>ARIBA INC., a foreign corporation; SAP AMERICA, INC., a foreign corporation, and DOES 1 through 100, inclusive,<br><br>              Defendants. | Case No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Defendants Ariba Inc. ("Ariba") and SAP America, Inc. ("SAP") (collectively, "Defendants") submit this Notice of Removal, and, pursuant to 28 U.S.C. §1441, hereby remove to this Court the state action described below:

**NATURE OF ACTION**

1. On or about September 6, 2022, Plaintiff Luis Montoya ("Plaintiff") filed a Complaint against Defendants attempting to plead claims for (1) Failure to Allow Inspection and Copying of Records; (2) Failure to Pay Wages; (3) Unfair Competition; (4) Waiting Time Penalties; (5) Wrongful Termination in Violation of Public Policy; (6) Fraud; and (7) Negligent Misrepresentation. The Complaint was filed in Orange County Superior Court, Case No. 30-2022-01279212. A true and correct copy of Plaintiff's unverified Complaint is attached as Exhibit A to the concurrently-filed Declaration of Brian L. Johnsrud ("Johnsrud Decl.").

**REMOVAL IS TIMELY**

2. Plaintiff subsequently completed service upon Defendants on September 14, 2022. Johnsrud Decl., ¶ 2. Then, on October 11, 2022, Defendants timely filed their Answer to Plaintiff's unverified Complaint. *See* Johnsrud Decl., Exhibit B.

3. Defendants now file this Notice of Removal. This Notice of Removal is filed within thirty (30) days of the date that each of the Defendants were served with the Complaint and is therefore timely pursuant to 28 U.S.C. §1446(b).

**DIVERSITY JURISDICTION**

4. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332 and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between a citizen of the State of California and Delaware corporations with principal places

of business in Pennsylvania. This entire action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(b) because: (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and defendants Ariba Inc. and SAP; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.   Plaintiff is a California citizen. "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson,* 749 F.3d 1197, 1200 (10th Cir. 2014). Residence is itself prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994). As reflected by the Complaint, Plaintiff, at all relevant times, has been a resident of Orange County, California. *See* Compl., ¶ 1. Thus, at all relevant times, including the time this action was commenced, Plaintiff was a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).

6.   Defendant SAP America, a corporation, is not a California citizen. The citizenship of a corporation for purposes of diversity jurisdiction is governed by 28 U.S.C. § 1332(c)(1), which provides that a corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. Under the "nerve center" test the analysis for establishing a corporation's principal place of business focuses on the location of the corporation's executives and administrative functions. *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010); *see also* Arellano *v. Home Depot U.S.A., Inc.,* 245 F. Supp. 2d 1102, 1106 (S.D. Cal. Jan. 21, 2003) (finding that because most of its executives and administrative functions occurred in the state of Georgia, for purposes of diversity jurisdiction, its principal place of business was Georgia). At the time the Complaint was filed and presently, SAP America is a Delaware Corporation. Declaration of Elizabeth Heck ("Heck Decl.") SAP America's main office is in Newtown Square, Pennsylvania. For SAP, the place where the high level officers direct, control, and coordinate SAP's activities is its corporate headquarters located at 3999 West Chester Pike,

1   Newtown Square, Pennsylvania 19073. *Id.*, ¶ 3. Specifically, SAP's key officers
2   all work out of the Pennsylvania headquarters, including its Chief Financial Officer
3   (John DiPlacido, who has been in that role since November 2021), Senior Vice
4   President and General Counsel (Mary Beth Hanss, who has been in that role since
5   2008), Vice President, Tax and Assistant Corporate Secretary (Elizabeth Heck, who
6   has been in that role since April 1997), and SAP's President (Lloyd Adams, who
7   has been in that role since August 2022). *Id.* SAP has never had its headquarters or
8   principal place of business located in the state of California and has not had its
9   executive offices or officers based in California. *Id.* None of SAP's high-level
10  officers reside in or are based in California. Thus, for diversity removal purposes,
11  SAP's principal place of business is Pennsylvania.
12            7.    Similarly, Defendant Ariba, Inc., a corporation, is also not a California
13  citizen. *Id.*, ¶ 4. For Ariba, the place where the high level officers direct, control,
14  and coordinate Ariba's activities is Pennsylvania. *Id.* Specifically, at the time the
15  Complaint was filed and presently, Ariba's key officers, including its Chief
16  Financial Officer (Frederic Arrouays, who has been in that role since July 2015),
17  Corporate Secretary (Mary Beth Hanss, who has been in that role since
18  approximately April 2019), Assistant Corporate Secretary (Elizabeth Heck, who has
19  been in that role since approximately 2012), and Assistant Treasurer (Cynthia Ann
20  Hirschfeld, who has been in that role since June 2016) all work out of the
21  Pennsylvania headquarters and reside in Pennsylvania. *Id.* Meanwhile, Ariba's
22  Treasurer (Gerard Bernard, who has been in that role since October 2012) works
23  out of Ariba's Pittsburgh, Pennsylvania office and resides in Pennsylvania, and its
24  President (Muhammad Alam, who has been in that role since February 2022) works
25  out of Ariba's Atlanta, Georgia office and resides in Georgia. *Id.* None of Ariba's
26  high-level officers reside in or are based in California. *Id.* Thus, for diversity
27  removal purposes, Ariba's principal place of business is Pennsylvania.
28

**AMOUNT IN CONTROVERSY**

8.  Under 28 U.S.C. § 1332(a), diversity jurisdiction exists "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs." Generally, if "removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed the amount in controversy." *Ruff v. Wilson Logistics, Inc.*, 2022 WL 150014 at *5 (N.D. Cal. May 12, 2022) (citing 28 U.S.C. § 1446(c)(2)). The Court can reasonably ascertain from Plaintiff's Complaint and his prayer for relief that the amount in controversy exceeds $75,000 exclusive of interest and costs, on the following grounds.

9.  The Complaint makes clear that the amount of damages sought other in this matter is "at least $500,000." Compl., ¶ 22. Plaintiff alleges he earned a base salary of $150,000, and if he met his full quota, would make another $150,000." *Id.*, ¶ 12. Further, "if he hit partial numbers, the second $150,000 would be reduced, e.g. if he hit the quota by 1/2, he would get only $75,000 in addition to his base salary." *Id.* At a minimum, Plaintiff alleges that Defendants' owe Plaintiff wages of at least $78,325. *Id.*, ¶ 19.

10. Plaintiff further alleges that he "suffered anxiety, humiliation, embarrassment, emotional and physical duress, and has been injured in mind and body, in an amount to be proven at trial. *Id.*, ¶ 55. Plaintiff also alleges that "as a direct, foreseeable and proximate result of the aforementioned wrongful conduct of said Defendants…Plaintiff suffered emotional distress, and mental and physical pain and anguish, all to his damage in an amount according to proof at trial. *Id.*, ¶¶ 64, 71. An award of damages for emotional distress alone can reasonably be anticipated to be far in excess of the jurisdictional minimum. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034 (C.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful

...

employment discrimination case may be substantial").

**REMOVAL IS OTHERWISE PROPER**

11. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because this district includes the county in which the removed action has been pending.

12. Defendants will promptly serve Plaintiff with this Notice of Removal and file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required by 28 U.S.C. § 1446(d).

**PRAYER**

WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. §1446, Defendants pray that the above-captioned action in the Superior Court of the State of California in and for the County of Orange be removed to this Court.

Dated: October 12, 2022

DUANE MORRIS LLP

By _____
BRIAN L. JOHNSRUD
EMILIE SMITH PETIRS
KOUROSH JAHANSOUZ
Attorneys for Defendants
ARIBA INC., SAP AMERICA, INC.