_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

_____

Case No.: 8:22-cv-01861-FWS-JDE                                    Date: March 6, 2023
Title: Luis Montoya Jr. v. Ariba Inc. *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Melissa H. Kunig  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:            Attorneys Present for Defendants:

Not Present                                               Not Present

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12]; ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER AND TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA [11]**

Before the court are the following motions: (1) Defendants Ariba Inc. and SAP America, Inc.'s ("Defendants") Motion to Transfer Venue ("Motion to Transfer") (Dkt. 11); and (2) Plaintiff Luis Montoya Jr.'s Motion to Remand ("Motion to Remand") (Dkt. 12). Both Motions are fully briefed. (*See* Dkts. 11, 12, 16, 17, 18, 19, 20.) The court held a hearing on the Motions on December 1, 2022. (Dkt. 22.) At the conclusion of the hearing, the court took the matters under submission. (*Id.*) Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion to Remand (Dkt. 12), **GRANTS** the Motion to Transfer (Dkt. 11), and **ORDERS** transfer of this action to the United States District Court for the Eastern District of Pennsylvania.

I.   **Legal Standards**

a.  **Remand**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations and internal

_____

**CIVIL MINUTES – GENERAL**                                                                                           1

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01861-FWS-JDE                               Date: March 6, 2023
Title: Luis Montoya Jr. v. Ariba Inc. *et al.*

___

quotation marks omitted). A defendant may remove an action from state to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a); *see also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). If the court finds it lacks subject matter jurisdiction at any time before final judgment, the court must remand the action. 28 U.S.C. § 1447(c). The removal statute is "strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted).

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). Diversity jurisdiction under § 1332 exists only where each defendant is a citizen of a different state than each plaintiff and the amount in controversy exceeds $75,000. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 554 (2005); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Generally, federal question jurisdiction under § 1331 lies where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted).

In its review, the court accepts the "facts alleged in the notice of removal as true, and draw[s] all reasonable inferences in" the nonmoving party's favor. *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1098 (9th Cir. 2018). If the truth of jurisdictional allegations is contested by introducing evidence outside the pleadings, the party asserting federal jurisdiction bears the burden of proving, by a preponderance of the evidence, that subject matter jurisdiction exists under the same evidentiary standard that governs in the summary judgment context. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014); *see also Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016) ("Because a motion to remand shares an essentially identical procedural posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is properly evaluated using the same analytical approach."). Where it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing party "bears the burden of establishing, by a preponderance of the evidence, that the

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01861-FWS-JDE | Date: March 6, 2023 |
| Title: Luis Montoya Jr. v. Ariba Inc. *et al.* | |

amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (citation and internal quotation marks omitted). In assessing the amount in controversy, the court may consider allegations in the complaint and the notice of removal, "as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.* "[R]emovability is generally determined as of the time of the petition for removal." *Allen v. F.D.I.C.*, 710 F.3d 978, 984 (9th Cir. 2013) (citations and internal quotation marks omitted).

### b. Motion to Transfer Venue Under 28 U.S.C. § 1404(a)

The appropriate vehicle for enforcing a forum-selection clause in federal court is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62. "[B]ecause the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 63 (citation and internal quotation marks omitted). "The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.*

"First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64. "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01861-FWS-JDE | Date: March 6, 2023 |
| Title: Luis Montoya Jr. v. Ariba Inc. *et al.* | |

carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.*

## II.     Requests for Judicial Notice

### a.  Legal Standard

The court may take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Courts cannot take judicial notice of facts subject to reasonable dispute.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.11 (2007) ("Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (internal quotation marks omitted).

For example, "courts routinely take judicial notice of letters published by the government . . . as well as records and reports of administrative bodies." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) (citations and internal quotation marks omitted).  Additionally, courts "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment," if the material is "physically attached to the complaint." *Lee*, 250 F.3d at 688 (citations and internal quotation marks omitted).  "But a court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

### b.  Application

#### i.  Plaintiff's Request

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01861-FWS-JDE | Date: March 6, 2023 |
| Title: Luis Montoya Jr. v. Ariba Inc. *et al.* | |

Plaintiff requests that the court take judicial notice of eight exhibits: (1) the 2021 California Secretary of State Filing for Defendant Ariba; (2) the 2022 California Secretary of State Filing for Defendant Ariba; (3) a screenshot of Defendant Ariba's website; (4) a screenshot of Defendant Ariba's LinkedIn page; (5) a screenshot of Defendant Ariba's Twitter page; (6) a printout of Google results for the search term "Ariba Inc."; (7) Defendant Ariba's privacy statement; and (8) the California State Bar page for an employee of Defendant SAP. (Dkt. 12-1.)

The court finds that the Exhibits 1 and 2—the 2021 and 2022 California Secretary of State filings for Defendant Ariba—are proper for judicial notice because they are public records from the California Secretary of State. *See Smith*, 830 F.3d at 851 n.10 ("[C]ourts routinely take judicial notice of letters published by the government . . . as well as records and reports of administrative bodies."); *McMichael v. U.S. Filter Corp.*, 2001 WL 418981, at *8 (C.D. Cal. Feb. 23, 2001) ("The certificate of incorporation of a Delaware corporation is a publicly filed document, and as such, can be judicially noticed."). Accordingly, the court **GRANTS** Plaintiff's Request as to Exhibits 1 and 2.

As for Exhibits 3 through 8, the court finds these documents are either not relevant to the court's analysis or are comprised of screenshots of various documents with insufficient explanation of how these documents were obtained, when they were obtained, and why they are reliable or accurate. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Accordingly, the court **DENIES** Plaintiff's Request as to Exhibits 3 through 8.

### ii. Defendants' Request

Defendants request that the court take judicial notice of three exhibits: (1) case statistics for the United States District Courts for the Eastern District of Pennsylvania and Central District of California; and (2) two prior transfer orders involving Defendant SAP. (Dkt. 11-3.) The court finds that the documents in Defendants' Request are either not relevant to the court's analysis or appear to ask the court to adopt the reasoning of other courts. *See Gerritsen v.*

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01861-FWS-JDE | Date: March 6, 2023 |
| Title: Luis Montoya Jr. v. Ariba Inc. *et al.* | |

*Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) (declining to take judicial notice of the fact that information in documents was publicly available where irrelevant for purposes of defendants' motion). Accordingly, the court **DENIES** Defendants' Request as to Exhibits 1 through 3.

### III. Factual Background

This action arises out of Plaintiff's alleged constructive discharge from his role as a software sales executive for Defendants. (*See* Dkt. 1-2, Exh. A ¶¶ 10-22.) On September 6, 2022, Plaintiff filed a Complaint against Defendants in Orange County Superior Court asserting the following seven claims: (1) failure to allow inspection and copying of records; (2) failure to pay wages; (3) unfair competition; (4) waiting time penalties; (5) wrongful termination in violation of public policy; (6) fraud; and (7) negligent misrepresentation. (*Id.* ¶¶ 23-73.) Based on these allegations, Plaintiff seeks "at least $500,000" in damages. (*Id.* ¶ 22.) Plaintiff alleges Defendants are foreign entities that are authorized to do business in California and have a principal place of business in Palo Alto, California. (*Id.* ¶¶ 2-3.)

On October 12, 2022, Defendants removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1 at 1-5.) In the Notice of Removal, Defendants argue complete diversity exists because Plaintiff is a California citizen, and Defendants SAP America and Ariba are Delaware corporations with principal places of business in Pennsylvania. (*Id.*) Defendants also argue the amount in controversy is met because Plaintiff seeks damages in excess of $75,000. (*Id.* at 4-5.)

Given that the parties respectively seek to transfer or remand the action, the parties appear to agree that the action should not be heard by this court. (*See generally* Dkts. 11, 12.) However, the parties dispute what should happen next—whether the action should be remanded to state court or transferred to a different federal court. (*Id.*) Thus, the court first considers the basis of jurisdiction in this case, which is relevant to both Motions.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01861-FWS-JDE                                    Date: March 6, 2023
Title: Luis Montoya Jr. v. Ariba Inc. *et al.*

## IV. Discussion

### a. Remand Is Denied Because Diversity Jurisdiction Exists

The parties do not dispute the amount in controversy or the citizenship of Plaintiff. (*See generally* Dkts. 11, 12.) Instead, they dispute where Defendants SAP America and Ariba have their principal place of business. (*Id.*) Plaintiff argues the principal place of business is in Palo Alto, California, and the case should be remanded to state court because complete diversity does not exist. (Dkt. 12 at 1.) Defendants argue their principal place of business is Newtown Square, Pennsylvania, and complete diversity exists because Plaintiff is a California citizen and Defendants SAP America and Ariba are Delaware corporations with principal places of business in Pennsylvania. (Dkt. 16 at 1-2.) The court observes that resolution of this question—whether complete diversity exists—determines whether remand is necessary.

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation and internal quotation marks omitted). If the truth of jurisdictional allegations is contested by introducing evidence outside the pleadings, the party asserting federal jurisdiction bears the burden of proving, by a preponderance of the evidence, that subject matter jurisdiction exists under the same evidentiary standard that governs in the summary judgment context. *See Leite*, 749 F.3d at 1121-22.

Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person's citizenship is determined by their state of domicile, which is that individual's "permanent home, where [they] reside[ ] with the intention to remain or to which [they] intend[ ] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). However, "[i]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is only a citizen of (1) the state in which its principal place of business is located, and (2) the state in which it is

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01861-FWS-JDE                                Date: March 6, 2023
Title: Luis Montoya Jr. v. Ariba Inc. *et al.*

incorporated.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018).

In this case, Defendants, as the removing parties, have the burden of establishing that removal based on diversity jurisdiction is proper.  Defendants argue their shared principal place of business is in Pennsylvania based on the "nerve center" test, in which a corporation's principal place of business is the place where a corporation's officers direct, control, and coordinate the corporation's activities.  (Dkt. 16 at 3 (citing *Hertz*, 559 U.S. at 92-93).)  In support of their argument, Defendants provide the declarations of Elizabeth Heck (Dkt. 1-1 ("Heck Decl.")), Mary Beth Hanss (Dkt. 16-1 ("Hanss Decl.")), and Susan Vickers (Dkt. 11-1 ("Vickers Decl.")), who serve in various executive positions with Defendants SAP and Ariba.

These declarations state that Defendants SAP and Ariba are corporations organized and existing under Delaware law.  (*See, e.g.*, Heck Decl. ¶¶ 2-4.)  Defendant SAP has its headquarters in Newtown Square, Pennsylvania.  (Hanss Decl. ¶ 1.)  Following Defendant SAP's acquisition of Defendant Ariba in 2012, SAP installed new officers at Ariba, the "majority of whom are based in Newton Square, Pennsylvania."  (*Id*. ¶¶ 2-3.)  Both Defendants' key officers work out of their Pennsylvania headquarters.  (Heck Decl. ¶¶ 3-4.)  Defendant SAP's key officers based in the Pennsylvania headquarters include its Chief Financial Officer, Senior Vice President and General Counsel, Vice President of Tax and Assistance Corporate Secretary, and President.  (*Id*. ¶ 3.)  Defendant Ariba's key officers who work out of the Pennsylvania headquarters include its Chief Financial Officer, Corporate Secretary, Assistant Corporate Secretary, and Assistant Treasurer.  (*Id*. ¶ 4.)  Two of Defendant Ariba's officers are not based in the Newton Square, Pennsylvania office—Ariba's Treasurer works out of the Pittsburgh, Pennsylvania office and its President works out of the Atlanta, Georgia office.  (*Id*.)

Although Defendant Ariba had its headquarters in California prior to being acquired by SAP, its Senior Vice President states "[n]one of SAP's executive leaders are based in California."  (Hanss Decl. ¶ 4.)  Moreover, the Ariba employees in California "[are] focused principally on sales and product development" and "take their ultimate direction from Ariba executive leaders based outside of California and from SAP executives based principally in Pennsylvania."  (*Id*.)  For several years, Defendants SAP and Ariba "have shared many

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01861-FWS-JDE | Date: March 6, 2023 |
| Title: Luis Montoya Jr. v. Ariba Inc. *et al.* | |

___

corporate departments and functions, including Legal, Total Rewards (compensation and benefits), Payroll and Human Resources, Accounting, Finance, Marketing, and IT" that are "centralized in Pennsylvania."  (*Id*. ¶ 2.)

    Based on the declarations provided by Defendants, the court agrees that Defendants' principal place of business is Newtown Square, Pennsylvania under the nerve center test. Following Defendant SAP's acquisition of Defendant Ariba in 2012, operations were consolidated in the Newtown Square office.  (Hanss Decl. ¶¶ 2-3.)  Both Defendants' key officers work out of the Newton Square office.  (Heck Decl. ¶¶ 3-4.)  Neither Defendant has executive leaders based in California. (Hanss Decl. ¶ 4.)  Defendants also share several corporate departments and functions, including Legal, Payroll and Human Resources, Accounting, Finance, Marketing, and IT, that operate out of Pennsylvania.  (*Id*. ¶ 2.)  The court observes that although Defendant Ariba's President, Muhammad Alam, works out of Georgia, (Heck Decl. ¶ 4), no party argues that Georgia is the correct nerve center, (*see generally* Dkts. 11, 12, 16, 17, 18, 19, 20).

    The court is not persuaded by Plaintiff's arguments that Palo Alto, California should be considered the nerve center of Defendants' operations based on Plaintiff's stated knowledge of the location of various executives.  (*See* Dkt. 12 ("Montoya Decl.").)  For example, although Plaintiff's declaration appears to be based on Plaintiff's own internet research, the court finds that Plaintiff has not sufficiently established how he possesses personal knowledge of this information or why his gathered internet research is reliable.  (*Id*. ¶¶ 8-10.)

    The same is true for the declaration of Plaintiff's counsel, which states that Palo Alto, California is the principal place of business because Defendants' proposed settlement agreement lists Palo Alto as the location of any arbitration.  (*See* Dkt. 12 ("Wagner Decl.") ¶¶ 2-4.)  The court observes that Plaintiff's arguments do not adequately track the relevant factors of the nerve center test.  *See, e.g., Peich v. Flatiron W., Inc.*, 2016 WL 6634851, at *3 (C.D. Cal. Nov. 9, 2016) (concluding that a principal place of business was Colorado under the nerve center test based on the location of executives, administrative staff, offices, and functions such as payroll, human resources, accounting, finance, and legal); *Hertz*, 559 U.S. at 92-93 (a corporation's

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01861-FWS-JDE                                                                    Date: March 6, 2023
Title: Luis Montoya Jr. v. Ariba Inc. *et al.*

___

"'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

    Although Plaintiff points the court to information in the 2021 and 2022 California Secretary of State filings for Defendant Ariba (*see* Dkt. 12-1, Exhs. 1, 2), the court observes that these filings appear to reflect outdated information regarding the locations of various executives. For example, the 2022 Secretary of State filing states that Muhammad Alam has an office in Palo Alto, California. (Dkt. 12-1, Exh. 2 at 1.) However, the Hanss Declaration, which is dated November 9, 2022, states that Mr. Alam is now working out of Defendant Ariba's Atlanta, Georgia office. (Hanss Decl. ¶¶ 1-3.) Accordingly, the court relies on the evidence in the record that reflects the most current information regarding the locations of Defendants' executives.

    Accordingly, based on the record before the court, the court concludes that Defendants' principal place of business is Newtown Square, Pennsylvania. The court further concludes that Plaintiff is a California citizen and Defendants are Delaware corporations with a principal place of business in Pennsylvania, such that complete diversity exists between the parties. *See* 28 U.S.C. § 1332(c)(1) (a corporation is only a citizen of (1) the state in which its principal place of business is located, and (2) the state in which it is incorporated). Given that complete diversity exists between the parties, the court concludes that remand is not warranted based on an alleged lack of complete diversity and **DENIES** the Motion to Remand. The court **DECLINES** to rule on the request of Plaintiff's counsel for attorney's fees related to the Motion to Remand and for jurisdictional discovery.

      **b. The Forum Selection Clause Is Not Unreasonable**

    Having found that remand is not warranted, the court considers whether the action should be transferred under 28 U.S.C. §1404(a) per the parties' forum selection clause. In this case, the forum selection clause is contained in Defendant SAP's Global Incentive Plan ("GIP"), an incentive plan that is available to eligible salespeople. (Dkt. 11-2 ("Rosales Decl.") ¶ 2, Exh. A.) The forum selection clause in the GIP states, in relevant part:

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01861-FWS-JDE                                      Date: March 6, 2023
Title: Luis Montoya Jr. v. Ariba Inc. *et al.*

___

> Any action or proceeding relating to the Terms and Conditions, this Addendum and the overall Revenue Generating Incentive Plan and to any agreement relating to the Terms and Conditions, this Addendum and the overall Revenue Generating Incentive Plan (a) will be solely brought in the courts located in the Commonwealth of Pennsylvania either in the United States District Court for the Eastern District of Pennsylvania or in the Court of Common Pleas of Delaware County (b) will be heard solely before a judge without any jury, advisory or otherwise, and (c) may not be brought later than one year after the issue arose to which such action or proceeding relates.

(*Id.* at 57.)

The appropriate vehicle for enforcing a forum-selection clause in federal court is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *Atl. Marine*, 571 U.S. at 59. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62. "[B]ecause the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 63 (citation and internal quotation marks omitted). "The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.*

"First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64. "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01861-FWS-JDE | Date: March 6, 2023 |
| Title: Luis Montoya Jr. v. Ariba Inc. *et al.* | |

carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.*

Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Enforcement of a forum selection clause can be unreasonable in three scenarios: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citation omitted).

In this case, Plaintiff argues the forum selection clause should not be enforced because it is buried in the relevant agreement and violates California public policy, including Section 925 of the California Labor Code. (*See generally* Dkt. 17.) The court interprets Plaintiff's arguments as invoking some combination of the three scenarios identified in *Murphy* regarding when enforcing a forum selection clause can be unreasonable. 362 F.3d at 1140. The court considers each argument in turn.

### i. The Forum Selection Clause Was Not the Product of Fraud or Overreaching

The court first considers Plaintiff's argument that the forum selection clause is unenforceable because it was "buried . . . on the last page of really long documents." (Dkt. 17 at 1.) Defendants argue Plaintiff had sufficient opportunity to review the GIP because he received an email with a link to the GIP that required him to sign the document via an electronic signature, he was sent a subsequent email regarding his individual compensation plan that included a link to the GIP, and he submitted digital records for 2020, 2021, and 2022 showing that he accepted the GIP for all three years. (Dkt. 11-2 ("Rosales Decl.") ¶¶ 3-5, Exhs. D-H.)

Although Plaintiff argues the GIP was a "non-negotiable contract of adhesion," (Dkt. 17 at 1), the court is not persuaded by Plaintiff's arguments. The court observes that the Ninth

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01861-FWS-JDE                                         Date: March 6, 2023
Title: Luis Montoya Jr. v. Ariba Inc. *et al.*
_____

Circuit has previously declined to reject enforcement of a forum selection clause based on arguments regarding a "power differential" and "non-negotiability." *See Murphy*, 362 F.3d at 1141 ("[Plaintiff's] assertions reduce to a claim of power differential and non-negotiability. This evidence, even accepted as true . . . is not enough to overcome the strong presumption in favor of enforcing forum selection clauses . . . To decline enforcement of a forum selection merely on the showing of non-negotiability and power difference made by [Plaintiff] would disrupt the settled expectations of the parties here."); *see also Hunt v. Superior Ct.*, 81 Cal. App. 4th 901, 908 (2000) ("Although the forum selection clause here is contained in an adhesion contract, that clause in an adhesion contract is enforceable even though the defendant did not actually read it. . . . as long as the clause provided adequate notice to the defendant that he was agreeing to the jurisdiction cited in the contract.").

Moreover, the record before the court indicates that Plaintiff was given at least two opportunities to review the 2022 GIP via email and that Plaintiff accepted the GIP for several years, as reflected by his electronic acceptance records for 2020, 2021, and 2022. (Rosales Decl. ¶¶ 3-5, Exh. D-H.) Accordingly, the court finds Plaintiff has not sufficiently demonstrated that the forum selection clause was the product of fraud or overreaching, such that this factor weighs in favor of transfer.

> ii. **The Forum Selection Clause Would Not Deprive Plaintiff of His Day in Court**

The court next considers whether the forum selection clause would deprive Plaintiff of his day in court. Plaintiff does not clearly argue that he would be deprived of his day in court were the court to enforce the forum selection clause. (*See generally* Dkt. 17.) *Atl. Marine*, 571 U.S. at 63 ("[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.").

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01861-FWS-JDE | Date: March 6, 2023 |
| Title: Luis Montoya Jr. v. Ariba Inc. *et al.* | |

Accordingly, the court finds that Plaintiff has not sufficiently demonstrated that he would be deprived of his day in court, such that this factor also weighs in favor of transfer.

### iii. The Forum Selection Clause Does Not Violate California Public Policy

The court next considers whether the forum selection clause would violate California public policy. Plaintiff argues the forum selection clause violates California public policy for several reasons, including that it is barred by Labor Code Section 925, contains a jury waiver, has a shortened statute of limitations, and has a choice of law provision that requires the application of Pennsylvania law. (Dkt. 17 at 2-10, 12-20.)

### 1. Labor Code Section 925 Does Not Bar the Forum Selection Clause

First, Plaintiff argues the forum selection clause is barred by Labor Code Section 925. (Dkt. 17 at 2-10.) Labor Code Section 925 provides, in relevant part:

> An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following:
>
> (1) Require the employee to adjudicate outside of California a claim arising in California.
> (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

Cal. Lab. Code § 925(a).

"Section 925 expresses California's strong public policy against forum-selection clauses in employment agreements." *Bromlow v. D & M Carriers, LLC*, 438 F. Supp. 3d 1021, 1029 (N.D. Cal. 2020); *see also Karl v. Zimmer Biomet Holdings, Inc.*, 2018 WL 5809428, at *2 (N.D. Cal. Nov. 6, 2018) ("In Section 925, California expresses a strong public policy to protect employees from litigating labor disputes outside of their home state."). "Notwithstanding

___

**CIVIL MINUTES – GENERAL**                                                          14

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01861-FWS-JDEDate: March 6, 2023
Title: Luis Montoya Jr. v. Ariba Inc. *et al.*

___

California's strong public policy, district courts have held that section 925 does not control claims arising outside of California or claims by plaintiffs who do not primarily reside and work in California." *Bromlow*, 438 F. Supp. 3d at 1030.

The parties' dispute regarding the applicability of Labor Code Section 925 concerns whether the forum selection clause here was a "condition of employment." (Dkt. 17 at 3-8; Dkt. 19 at 1-5.) Plaintiff argues the forum selection clause was a condition of employment because his offer letter "incorporated the GIP into the offer that outlined the employment conditions." (Dkt. 17 at 3.) Plaintiff's offer letter states that his salary was $150,000 but he was eligible for an additional $150,000 based on commissions. (Dkt. 17 at 3; Rosales Decl. ¶ 3, Exh. D.)

Defendants argue the forum selection clause is not a condition of employment because the GIP is a voluntary incentive plan renewed on a yearly basis. (Dkt. 19 at 1-5.) In support of their position, Defendants provide a declaration from Jessica Rosales, the Vice President of Total Rewards at SAP, who oversees incentive compensation. (Rosales Decl. ¶ 1.) Per the Rosales Declaration, the GIP is not an employment offer and "is a contract between SAP and eligible sales people that is entered into each year." (Rosales Decl. ¶ 2.) In addition, "[i]f eligible sales people want to earn incentive compensation under the GIP, they must sign and acknowledge it each year and agree to be bound by its terms, though SAP does not require sales people to sign the plan as a condition of continued employment." (*Id*.)

Based on the record before the court, the court finds that Plaintiff has not sufficiently demonstrated that the forum selection clause was a condition of employment within the meaning of Labor Code Section 925. The court observes that Labor Code Section 925 does not provide a definition of the term "condition of employment." *Id*. Furthermore, the cases cited by Plaintiff do not sufficiently support the proposition that the GIP constitutes a "condition of employment." (Dkt. 17 at 4-8 (citing several cases).) The majority of the cases cited by Plaintiff involve forum selection clauses that were listed in an employment agreement or concern the effect of an amendment on an initial employment agreement. (*Id*.) (citing *Jurek v. Piller USA, Inc*., 2021 WL 2937050, at *1 (S.D. Cal. July 13, 2021); *Midwest Motor Supply Co. v. Superior Ct. of Contra Costa Cnty*., 56 Cal. App. 5th 702, 707 (2020); *Yeomans v. World Fin. Grp. Ins. Agency, Inc*., 2019 WL 5789273, at *1 (N.D. Cal. Nov. 6, 2019); *Karl*, 2018 WL

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01861-FWS-JDE                                      Date: March 6, 2023
Title: Luis Montoya Jr. v. Ariba Inc. *et al.*

5809428, at *3; *Friedman v. Glob. Payments Inc.*, 2019 WL 1718690, at *3 (C.D. Cal. Feb. 5, 2019). Of the cases cited by Plaintiff, two support the general proposition that a "condition of employment" can include requirements related to employment compensation. *See Rockefeller Cap. Mgmt., LLC v. Focus Fin. Partners, LLC*, 2018 Cal. Super. LEXIS 7316; *Focus Fin. Partners, LLC v. Holsopple*, 241 A.3d 784, 817 (Del. Ch. 2020). These cases hold that a "condition of employment" "include[s] 'any requirement to receive employment compensation.'" *Focus Fin.*, 241 A.3d at 817 (quoting *Rockefeller*, 2018 Cal. Super. LEXIS 7316).

   The court finds the reasoning of these cases inapposite here. Per the Rosales declaration, the GIP is distinct from an employment offer and "is a contract between SAP and eligible sales people that is entered into each year." (Rosales Decl. ¶¶ 2-4.) Eligible salespeople who want to earn incentive compensation "must sign and acknowledge [the GIP] each year and agree to be bound by its terms, though SAP does not require sales people to sign the plan as a condition of continued employment." (*Id.*) Plaintiff's declaration stating that he "was told he had to sign" the GIP, (Dkt. 17, Montoya Decl. ¶ 2), does not sufficiently address the crucial point raised by Defendants—that agreeing to the GIP is *not* a condition of continued employment. Accordingly, the court finds that Plaintiff was not required to sign the GIP as a condition of employment and that Labor Code Section 925 does not invalidate the forum selection clause.

   **2. Plaintiff's Remaining Arguments Relate to Choice-of-Law Issues Distinct from the Venue Issue Before the Court**

   Plaintiff's remaining arguments assert that the forum selection clause should not be enforced because it contains a jury waiver, has a shortened statute of limitations, and has a choice of law provision that requires the application of Pennsylvania law. (Dkt. 17 at 2-10, 12-20.)

   The court finds that these arguments concern choice of law rather than forum selection issues and are properly reserved for the court hearing the merits of this case. *See, e.g.*, *LaCross v. Knight Transp., Inc.*, 95 F. Supp. 3d 1199, 1206 (C.D. Cal. 2015) ("[U]nless a plaintiff can demonstrate that her remedy is altogether foreclosed and unavailable in the transferee court,

___

**CIVIL MINUTES – GENERAL**                                                                                 16

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01861-FWS-JDE | Date: March 6, 2023 |
| Title: Luis Montoya Jr. v. Ariba Inc. *et al.* | |

___

courts do not consider policy arguments unrelated to venue."); *Besag v. Custom Decorators, Inc.*, 2009 WL 330934, at *4 (N.D. Cal. Feb. 10, 2009) ("A forum selection clause determines where the case will be heard, it is separate and distinct from choice of law provisions that are not before the court . . . . Thus, a party challenging enforcement of a forum selection clause may not base its challenge on choice of law analysis.") (citation and internal quotation marks omitted). Moreover, to the extent that Plaintiff argues that only courts in California are capable of applying California law, the court observes that "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine*, 571 U.S. at 67. The court does not further address Plaintiff's arguments regarding choice of law.

In summary, the court concludes that enforcing the forum selection clause would not be unreasonable based on fraud or overreaching, depriving Plaintiff of his day in court, or violating public policy. Accordingly, the court finds that Plaintiff, as the party resisting enforcement of the forum selection clause, has not sufficiently met his burden of showing that enforcement would be unreasonable. *See Atl. Marine*, 571 U.S. at 63.

    **c. The Court Exercises Its Discretion to Order Transfer**

The court next considers whether it should exercise its discretion to order transfer to the United States District Court for the Eastern District of Pennsylvania.

Section 1404(a) authorizes transfer of an action "for the convenience of parties and witnesses, in the interest of justice." *Id.* Typically, the factors to be considered are: "(1) the plaintiffs' choice of forum; (2) the respective parties' contacts with the forum; (3) the contacts relating to the plaintiffs' claims for relief in the chosen forum; (4) the ease of access to sources of proof; (5) familiarity of each forum with applicable law; and (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses." *Am. Trading*, 2019 WL 6139113, at *2 (citing *Jones*, 211 F.3d at 498-99).

However, where an enforceable forum selection clause exists, the analysis is adjusted so that the "plaintiff's choice of forum merits no weight," the court "should not consider arguments about the parties' private interests" and a "§ 1404(a) transfer of venue will not carry

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01861-FWS-JDE | Date: March 6, 2023 |
| Title: Luis Montoya Jr. v. Ariba Inc. *et al.* | |

with it the original venue's choice-of-law rules." *Atl. Marine*, 571 U.S. at 64. Only public interest factors can be considered, such as "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6, 64.

In this case, Plaintiff mistakenly argues it is Defendants' burden to establish that transfer is warranted. (*See* Dkt. 17 at 10 ("Defendants never argue that without the clause, transfer is still appropriate, including under these factors. As such, they cannot meet their burden.").) The court reiterates that the burden is on the party *resisting* the forum selection clause to establish that transfer is unwarranted. *Atl. Marine*, 571 U.S. at 63 ("[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."). Plaintiff does not sufficiently argue the relevant factors, and thus has not discharged his burden. (*See* Dkt. 17 at 11 ("As they did not argue it, Plaintiff will not apply the test.").)

Accordingly, the court concludes, in its discretion, that transfer is appropriate to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1404(a).

**V.   Disposition**

For the reasons set forth above, the court **DENIES** the Motion to Remand (Dkt. 12), **GRANTS** the Motion to Transfer (Dkt. 11), and **ORDERS** transfer of this action to the United States District Court for the Eastern District of Pennsylvania.

Initials of Deputy Clerk:  mku